## CHICK ROGERS v. STATE.

No. A-8314. March 4, 1932.
(8 Pac. [2d] 1111.)

Chas. H. Ruth, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   The plaintiff in error was convicted in the district court of Oklahoma county on a charge of larceny of an automobile, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of 11 years.

The judgment in this case was rendered on the 5th day of May, 1931.   The petition in error was filed on the 11th day of December, 1931, same being more than six months after the date the judgment was rendered.

Section 2808, C. O. S. 1921, in part reads:

"* * * In felony cases the appeal must be taken within six months after the judgment is rendered. * * *"

The statute fixes the time for appeal.   This court is without power to extend the terms of the statute.   When, as in this case, the appeal is filed after the expiration of the six months' period, this court does not acquire jurisdiction, but must dismiss the appeal.   Peyton v. State, 41 Okla. Cr. 186, 270 Pac. 860.

In the case at bar, the appeal was filed within six months after the trial court had overruled defendant's second motion for a new trial on account of newly discovered evidence.   The six months began to run at the date the judgment and sentence was pronounced, and not at the time the motion for a new trial was overruled. Howey v. State, 9 Okla. Cr. 453, 132 Pac. 499; Clark v. State, 18 Okla. Cr. 145, 193 Pac. 1008, 1009; George v. State, 21 Okla. Cr. 240, 205 Pac. 942; Heath v. State, 22

Okla. Cr. 122, 210 Pac. 560; Criner v. State, 37 Okla. Cr. 313, 258 Pac. 359; Easterwood v. State, 38 Okla. Cr. 72, 259 Pac. 181.

For the reason stated, the attempted appeal is dismissed, and the cause remanded to the district court, with directions to enforce the judgment.

DAVENPORT, P. J., concurs. EDWARDS, J., absent; not participating.