### TONY MONZELL v. STATE.

No. A-10427.    Nov. 10, 1943.

(143 P. 2d 163.)

Tony Monzell, in pro. per.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, P. J. This is an original proceeding in mandamus by Tony Monzell, an inmate of the State Penitentiary at McAlester, Okla., in which he seeks an order of this court directing the district court of Tulsa county to prepare and certify to this court all of the proceedings in connection with the trial and conviction of said petitioner in the district court of Tulsa county.

The petition does not state the date sentence was pronounced upon conviction of petitioner, but it does allege that in May, 1942, the petitioner had requested that he be furnished a transcript of the proceedings so that he might appeal to the Criminal Court of Appeals and that the court peremptorily denied the request of petitioner.

A demurrer to the petition has been filed by the Attorney General.

22 O. S. 1941 § 1054 provides that an appeal in felony cases must be taken within six months after the judgment is rendered. Although no copy of the judgment and sentence pronounced against defendant is attached to the petition, it is apparent that he was sentenced prior to

May, 1942, which was more than eighteen months ago. The statute fixing the time in which an appeal may be lodged in this court must be strictly followed. This court acquires no jurisdiction to determine an appeal unless it is lodged within the time fixed by the statute. Palmore v. State, 61 Okla. Cr. 312, 67 P. 2d 974; Rogers v. State, 53 Okla. Cr. 173, 8 P. 2d 1111; Kanamaya v. State, 6 Okla. Cr. 208, 118 P. 151.

In Palmore v. State, supra, it is stated:

"An appeal to this court may be taken by a defendant as a matter of constitutional right from any judgment rendered against him in a court of record; but the statutes regulate the time and manner of exercising that right, and the appeal must be taken in the manner prescribed."

If the petitioner had made application to this court within due time for an order directing that a case-made be prepared at the expense of Tulsa county because of the poverty of the accused, then this court would have made an appropriate order to that effect.

Since the application herein is not timely made and this court would have no jurisdiction to consider an appeal if the same were lodged at this time, the demurrer to the petition must be sustained and the petition for mandamus denied.

It is so ordered.

BAREFOOT, J., concurs. DOYLE, J., absent.