**Application of Clarmen BROWN for Writ of Habeas Corpus.**

No. A–12347.

Criminal Court of Appeals of Oklahoma.

May 9, 1956.

Clarmen Brown, pro se.

Mac Q. Williamson, Atty. Gen., for respondent.

JONES, Presiding Judge.

This is an original action in habeas corpus instituted by Clarmen Brown to secure his release from confinement in the penitentiary.

The verified petition alleged that petitioner entered his plea of guilty to the crime of second degree burglary, second offense, and was sentenced to serve the minimum sentence of 10 years imprisonment in the state penitentiary. That the judgment was obtained without due process of law in that petitioner was induced to enter a plea of guilty under the belief that the possession by him of an automobile tire which had been allegedly stolen in the place that was allegedly burglarized was sufficient to sustain a conviction against him, whereas in truth and in fact the mere possession of stolen property does not constitute evidence showing the commission of the crime of burglary.

The guilt or innocence of the accused will not be inquired into on habeas corpus, but the sole question to be determined is whether the trial court had jurisdiction of the person and of the offense charged and had jurisdiction to pronounce the particular judgment. Tartar v. Burford, 93 Okl.Cr. 281, 227 P.2d 422. The alleged inability of the State to prove the corpus delicti is not a matter that will be inquired into on habeas corpus where the

proceedings are regular on their face and there is no contention that the petitioner was not fully advised as to the nature of the charge against him and of the results following a plea of guilty to said charge.

Writ denied.

BRETT and POWELL, JJ., concur.