**Application of Russell DEGEN for Writ of Habeas Corpus.**

**No. A-12997.**

Court of Criminal Appeals of Oklahoma.

Feb. 8, 1961.

Russell Degen, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BUSSEY, Judge.

Petitioner, Russell Degen, was charged in the District Court of Tulsa County, Oklahoma, in cases No. 18459 and No. 18527 with the crimes of Burglary in the Second Degree after former conviction of a felony, and upon his plea of guilty to each of said charges, was sentenced on June 2, 1960, in each case to serve 15 years in the State Penitentiary, said sentences to run concurrently.

On January 10, 1961, petitioner filed in this court an application for writ of habeas corpus, setting forth that had he proceeded to trial in the District Court of Tulsa County on the charges to which he entered pleas of guilty and is presently confined, the State would have been unable to prove his guilt by competent evidence beyond a reasonable doubt.

The petitioner does not deny that the trial court had jurisdiction of the person and of the offense charged and had jurisdiction to pronounce the particular judgment. In Freeman v. Raines, Okl.Cr., 353 P.2d 30, this court stated The guilt or innocence of the accused will not be inquired into on habeas corpus, but the sole question to be determined is whether the trial court had jurisdiction of the person

and of the offense charged and had jurisdiction to pronounce the particular judgment.

The petitioner's contention that had he proceeded to trial, the State would have been unable to prove his guilt by competent evidence beyond a reasonable doubt cannot be inquired into in a habeas corpus proceeding under the rule set forth in Application of Brown, Okl.Cr., 297 P.2d 575, wherein the court stated, The Court of Criminal Appeals in habeas corpus proceedings will not make inquiry as to whether or not if petitioner had proceeded to trial instead of pleading guilty the State would have been able to have established the corpus delicti.

For the reasons set forth, the application for writ of habeas corpus is denied.

NIX, P. J., and BRETT, J., concur.