## Application of Woodrow Wilson CANNON for Writ of Mandamus, Petitioner.

### No. A–13017.

Court of Criminal Appeals of Oklahoma.
March 22, 1961.

Woodrow W. Cannon, pro se.

R. L. Pendarvis, County Atty., Norman, for respondent.

NIX, Presiding Judge.

Petitioner filed in this Court a petition asking for a Writ of Mandamus directing

the District Court of Cleveland County to furnish petitioner with a transcript of proceedings in a case wherein petitioner plead guilty to the charge of burglary, 2nd degree after former conviction of a felony. Upon the plea of guilty, petitioner was sentenced to ten years in the Oklahoma State Penitentiary. Petitioner alleges that a request had been made to the District Court of Cleveland County and said request was denied. A Reply and a Motion to Dismiss was filed by the trial judge, Elvin J. Brown. Judge Brown recites the minutes of the court records on said case. The minutes show that petitioner was charged on the 25th day of July, 1958. That petitioner was represented by counsel at the preliminary held on the 8th day of August, 1958; was charged in the District Court on August 15, 1958; was arraigned on that day and a bond set in the amount of $3,000 cash or $6,000 property bond. The record further reflects that petitioner withdrew his plea on the same day, entered a plea of guilty and was sentenced to ten years in the Oklahoma State Penitentiary. The trial judge asks that the Writ be dismissed and that he denied petitioner's request for a transcript of the proceedings filed on February 1, 1961, for the reason that the time for appeal had expired. It is easy to observe that the judgment and sentence was rendered on the 15th day of August 1958, and the petitioner's request for a transcript was made on February 1, 1961, some 29 months after the judgment was rendered.

Our statute, Title 22, § 1054, provides that in misdemeanor cases the defendant has 120 days after judgment and sentence in which to lodge his appeal in this Court. In felony cases defendant has 6 months in which to lodge his appeal.

This Court is cognizant of the fact that there are methods by which defendant may obtain a casemade or a transcript of the proceedings at the expense of the county where a proper showing is made as to the financial condition of defendant. This provision is maintained so that no person will be denied his right to appeal because he is without funds and unable to obtain finance to pay for the record being transcribed. However, in the instant case the time for appeal had long since expired and the trial judge in that event was under no obligation to furnish a transcript and was, in the opinion of the Court, without jurisdiction to make such an order. Consequently, this Court would have no authority to compel him to act in such a manner.

The petition is therefore dismissed.