Franklin D. HOLLOWAY, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–13078.

Court of Criminal Appeals of Oklahoma.

Oct. 25, 1961.

Concurring Opinion Nov. 6, 1961.

Don Anderson, Public Defender of Oklahoma County, Okl., for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

BUSSEY, Judge.

This is a purported appeal by Franklin D. Holloway, an inmate of the State Penitentiary at McAlester, Oklahoma, from an order of the District Court of Oklahoma County, denying appellant's request for casemade at the expense of the county. Briefly the facts as revealed by the record before us may be summarized as follows:

"Defendant was convicted of the crime of Robbery with firearms and, the jury being unable to agree on the punishment, was sentenced by the trial court on March 25, 1959, to serve 35 years in the State Penitentiary. On June 8, 1959, an entry on the appearance docket shows that an 'application for casemade at expense of county' was filed and hearing thereon set for June 9, 1959, but no hearing was apparently ever had. Thereafter defendant wrote Judge Wm. L. Fogg (who presided at the trial) on or about March 16, 1960, stating:

"'I, Franklin Holloway, wich to state to this Honorable Court that due to my property, that I am unable to pay for the record of the casemade in Case No. 25567. I was sentenced in this Honorable Court on the 3rd–27–59, for the crime of armed robbery, and I do not have funds with which to pay an attorney to test the legality of my conviction and sentence.'

"Judge Fogg referred this request to the Public Defender of Oklahoma County, who on April 27, 1961, filed an application on defendant's behalf for a hearing to determine his right to a casemade at public expense. The hearing was held May 1, 1961, at which defendant testified and was represented by the Public Defender, after which the court denied defendant's application. Motion for new trial was filed and overruled, from which ruling defendant prosecutes these proceedings for review."

The question of whether or not the court abused his discretion is not properly before us on appeal. We have repeatedly held that the Court of Criminal Appeals does not acquire jurisdiction unless the appeal be taken from a formal judgment and sentence. It is apparent that the order denying petitioner's request for casemade at public expense is not a judgment and sentence within the meaning of 22 O.S. (1951) § 1051. However, this court has treated a purported appeal as an application for a writ of habeas corpus when it is asserted that the defendant's constitutional rights have been violated. See, Freeman v. Raines, Okl.Cr., 353 P.2d 30. We shall thus treat the questions raised herein as if they were raised by habeas corpus.

We should observe at the outset that this matter is presented for the petitioner by the public defender of Oklahoma County, Oklahoma, Mr. Don Anderson. This is indeed a service which transcends the statutory duty of the public defender for he has complied with his statutory obligations when he has concluded his representation of the defendant in the trial court. Thereafter, whether he proceeds in perfecting an appeal is a matter resting upon his judgment, based upon his professional judgment. He has no legal or ethical duty to perfect an appeal which in his

judgment would be fruitless. It is the defendant's first contention that "he was insufficiently represented at his trial by legal counsel." This contention is without merit. Mr. Whelling, who represented the defendant at his jury trial, has been a member of the Oklahoma Bar in active practice for many years and is generally known to be widely experienced in criminal law. Mr. Whelling had a witness brought from the Penitentiary to testify on defendant's behalf at the trial. He was present at the last hearing where defendant could have questioned him about any lack of diligent representation at the trial, but was not called as a witness.

■ The defendant's 3rd contention is that the "verdict in defendant's trial was returned by eleven jurors." This contention also is without merit. The facts were that the trial commenced with a jury of twelve. During the trial one of the jurors asked to be excused to attend a funeral. When this came up defendant and Mr. Whelling discussed it and agreed with the prosecution to excuse the juror and complete the trial with a jury of eleven. Defendant stated that here he relied on the professional judgment of his attorney at the time, which he had no reason to doubt, and that the decision "didn't make any difference to me at the time."

■ Defendant's fourth contention is that, "Defendant wanted his case appealed and his counsel told him it would be appealed." The facts are that his attorney who tried the case determined that an appeal would have no chance of success; that a slight chance existed that the defendant might get a reduction of his 35 year sentence because a codefendant had been sentenced to 20 years for the same offense, but that the best chance of obtaining this would be through the Pardon and Parole Board rather than by appeal. Defendant cannot now complain of his lawyer's decision not to appeal his case. See Camplain v. State, Okl.Cr., 362 P.2d 464.

There are other assignments of error which may not be properly considered on habeas corpus. This court has repeatedly held that the sole question to be determined on application for writ of habeas corpus is whether the trial court had jurisdiction of the person and of the offense charged and had jurisdiction to pronounce the particular judgment. See, Application of Russell Degen for Writ of Habeas Corpus, Okl. Cr., 359 P.2d 740.

■ Defendant has no right to a case-made at public expense long after the time to appeal has expired. We therefore hold that Judge Wm. L. Fogg did not err in refusing petitioner's request for casemade at public expense.

In conclusion the court would like to compliment Mr. Don Anderson for the brief submitted. His detailed preparation and candid analysis made the task of this court much easier.

We are of the opinion that defendant's assignments of error are without merit, and the relief prayed for should therefore be denied.

NIX, P. J., and BRETT, J., concur.

BRETT, Judge (concurring).

I concur in the foregoing opinion, but am constrained to add that each such case must stand on its own facts and circumstances.

Trial courts should keep in mind that that "the State will neither bolt the door to equal justice nor support a wasteful abuse of the appellate process," Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 593, 100 L.Ed. 891. But "the right of appeal may be accorded by the state to the accused upon such terms as in its wisdom may be deemed proper." McKane v. Durston, 153 U.S. 684, 687, 688, 14 S.Ct. 913, 915, 38 L.Ed. 867, 868.

It appears herein that the petitioner did not comply with the requirements enacted by the legislature for perfecting an appeal. Nevertheless, both the trial court and prison officials should be cooperative on the matter of perfecting appeals so as to avoid the charge of denial of equal pro-

tection of the law. Dowd v. United States, 340 U.S. 206–210, 71 S.Ct. 262, 95 L.Ed. 215.

Trial courts should never regard the right of an accused to appeal with neglect or indifference, and prison officials should never consider them arbitrarily. Certainly neither should ever become active participants in the denial of the. right to appeal, and thus as implements in denial of due process thwart the ends of justice.