Application of Robert MACON, for Writ of Mandamus.

No. A–13202.

Court of Criminal Appeals of Oklahoma.

June 13, 1962.

Robert Macon, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for the State.

BRETT, Judge.

This is an original proceeding in mandamus by Robert Macon, an inmate of the State Penitentiary at McAlester, in which he seeks an order of this Court directing the district court of Tulsa County to prepare and furnish him with a casemade of the proceedings in connection with the trial and conviction of the petitioner in said court at the May, 1958 term of such court.

The petition does not state the date sentence was pronounced upon conviction of petitioner, but he does allege that he "has, since the execution of above described procedure, filed a legal request in the district court of Tulsa County, State of Oklahoma, designated a certificate of pauperhood, application for transcript, casemade, and was ignored." He does not give the date of such request, and gives no reason for wanting a casemade at this time.

This is not this petitioner's first appearance in this Court. Under date of February 4, 1959 he filed a petition for writ of habeas corpus, seeking his release from the penitentiary, which writ was denied. In re Application of Macon, Okl.Cr., 335 P.2d 651.

The record discloses that petitioner was sentenced on May 13, 1958 to serve a term of fifty years on a conviction of first degree manslaughter. The statute fixing the time in which an appeal could be lodged in this court, Tit. 22 O.S.1951 § 1054 in force at the time the judgment and sentence was rendered against this petitioner, provided that in felony cases an appeal must be taken within six months after the judgment and sentence is rendered. This provision of the statute was mandatory, and must be strictly followed, and this Court could not entertain an appeal not perfected within such time. In the case of In re Application of Miller, 87 Okl.Cr. 423, 198 P.2d 755, this Court said:

"There is no statute in this state which permits this court to issue an order requiring the district court to furnish a transcript or casemade after the time has expired for taking an appeal in a criminal case."

See also Monzell v. State, 78 Okl.Cr. 34, 143 P.2d 163; Application of Cannon, Okl. Cr., 360 P.2d 732.

Since the application herein is not timely made, and this Court would have no

jurisdiction to consider an appeal if the same were lodged at this time, the application for writ of mandamus must be, and is denied.

NIX, P. J., and BUSSEY, J., concur.