Timothy L. SMITH, Petitioner,

v.

The STATE of Oklahoma, and The District Court of Garvin County, State of Oklahoma, Respondents.

No. A–13236.

Court of Criminal Appeals of Oklahoma.

June 20, 1962.

Timothy L. Smith, pro se.

Mac A. Williamson, Atty. Gen., Sam Lattimore, Asst. Atty. Gen., Carroll Moody, Asst. County Atty. of Garvin County, for respondent.

NIX, Presiding Judge.

This is an original proceeding in mandamus by Timothy L. Smith, an inmate of the State Penitentiary at McAlester, Oklahoma, in which he seeks an order of this Court directing the District Court of Garvin County to prepare and furnish him with a casemade of the proceedings in connection with the trial and conviction of the petitioner in said court.

A Rule to Show Cause was entered, upon which the Ass't. County Attorney of

Garvin County appeared before this court and demurred to the proceedings.

Petitioner was tried, convicted and sentenced by the District Court of Garvin County to a term of Life Imprisonment in the Oklahoma State Penitentiary, wherein he is presently incarcerated.

Title 22 O.S.A. § 1054 provides that an appeal in felony cases must be taken within Six (6) months after judgment is rendered. (This 6 mo. provision has been amended to 3 months, effective October 27, 1961.) Although no copy of the judgment and sentence pronounced is attached to the petition, it is alleged that he was sentenced on September 18, 1961, which is prior to the 6 months' period. This provision of the statute is mandatory and must be strictly followed, and this Court cannot entertain an appeal not perfected within such time. In the case of In re Application of Miller, 87 Okl.Cr. 423, 198 P.2d 755, this Court said:

"There is no statute in this state which permits this court to issue an order requiring the district court to furnish a transcript of casemade after the time has expired for taking an appeal in a criminal case." See, also, Monzell v. State, 78 Okl.Cr. 34, 143 P.2d 163, Application of Cannon, Okl. Cr., 360 P.2d 732.

Since the application herein is not timely made, and this Court would have no jurisdiction to consider an appeal if same were lodged at this time; the Demurrer of the Respondent is sustained, and the Application for Writ of Mandamus is hereby denied.

BRETT, J., and BUSSEY, J., concur.