Berton Lee BYRNE, Petitioner,

v.

The STATE of Oklahoma, and The District Court of Tulsa County, State of Oklahoma, Respondents.

No. A–13266.

Court of Criminal Appeals of Oklahoma.

Sept. 12, 1962.

Berton Lee Byrne, pro se, petitioner.

Mac Q. Williamson, Atty. Gen., Sam Lattimore, Asst. Atty. Gen., for respondents.

BUSSEY, Judge.

This is an original proceeding in mandamus by Berton Lee Byrne, an inmate of the State Penitentiary at McAlester, Oklahoma, in which he seeks an order of this Court directing the District Court of Tulsa County to prepare and furnish him with a casemade of the proceedings in connection with the trial and conviction of the petitioner in said court.

Petitioner was tried, convicted and sentenced by the District Court of Tulsa County to a term of Ten Years in the Oklahoma State Penitentiary, wherein he is presently incarcerated, for the Crime of Uttering a Forged Instrument; said sentence being rendered on September 12, 1961.

Title 22 OSA § 1054 provides that an appeal in felony cases must be taken within six (6) months after judgment is rendered. (This six month provision has been amended to three months, effective October 27, 1961) Although no copy of the judgment and sentence pronounced is at-

tached to the petition, the date of sentence alleged by petitioner falls under the six month provision of our statutes. This provision is mandatory and must be strictly followed, and this Court cannot entertain an appeal not perfected within such time. In the case of In re Application of Miller, 87 Okl.Cr. 423, 198 P.2d 755, this Court said:

"There is no statute in this state which permits this court to issue an order requiring the district court to furnish a transcript or case made after the time has expired for taking an appeal in a criminal case." See also, Monzell v. State, 78 Okl.Cr. 34, 143 P.2d 163, Application of Cannon, Okl.Cr., 360 P.2d 732.

Since the application herein is not timely made, and this Court would have no jurisdiction to consider an appeal if same were lodged at this time, the Application for Writ of Mandamus is hereby Denied.

NIX, P. J., and BRETT, J., concur.