**Application of Farrell Gene KNIGHT for Writ of Mandamus.**

No. A-13489.

Court of Criminal Appeals of Oklahoma.
March 25, 1964.

Farrell Gene Knight, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

JOHNSON, Presiding Judge.

This is a proceeding in mandamus in which petitioner, an inmate of the State Penitentiary at McAlester, seeks an order of this Court directing the district court of Tulsa County to prepare and furnish him, without expense, a casemade of the proceedings in connection with a trial and conviction of the petitioner in said court in case No. 20023.

Petitioner states he was charged in said court with unlawful use of a motor vehicle, after former conviction of a felony, and sentenced to serve five years in the State Penitentiary.

We issued a rule to show cause, assigning the matter for hearing on March 11, 1964. On that date the hearing was continued until March 18, and on March 18 petitioner filed herein copy of an order entered in his case in Tulsa County on February 25, 1964, wherein the court denied petitioner's motion for appeal forma pauperis and for casemade at the expense of Tulsa County, for the reason that such motion was insufficient in form and in substance to afford the relief requested; and further that neither notice of intent to appeal nor a motion for new trial was entered in said cause within the time pro-

vided by law, and also stating that the statutory time for filing an appeal had expired on the date of said order.

 An appeal to the Court of Criminal Appeals may be taken by a defendant as a matter of constitutional right from any judgment of conviction against him in a court of record (22 O.S.1961 § 1051) but the statutes regulate the time and manner of exercising that right, and appeal must be taken in the manner prescribed. This Court has many times held that such statutes are mandatory, and where not strictly followed this Court acquires no jurisdiction of the attempted appeal.

It is provided by Title 22 O.S.1961 § 1055 that the party desiring to appeal shall give notice in open court either at the time the judgment is rendered, or within ten days thereafter, of his intention to appeal to this Court. Section 953 of the same Title provides that application for new trial must be made before judgment is entered, or within thirty days thereafter.

Section 1054 of Title 22, as amended, provides:

"In felony cases the appeal must be taken within three (3) months after the judgment is rendered; Provided, however, in felony cases the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding six (6) months from the date of judgment."

 Where notice of intention to appeal was not given, and motion for new trial was not filed and overruled, this Court would not acquire jurisdiction of the appeal; and where an appeal is not perfected within the time provided by statute, we cannot entertain such attempted appeal, and the same will be dismissed.

In the case of In re Miller, 87 Okl.Cr. 423, 198 P.2d 755, cited and followed many times, this Court said:

"There is no statute in this state which permits this court to issue an order requiring the district court to furnish a transcript or casemade after the time has expired for taking an appeal in a criminal case."

See also Monzell v. State, 78 Okl.Cr. 34, 143 P.2d 163; Application of Cannon, Okl.Cr., 360 P.2d 732.

 Since the application herein is not timely made and this Court would have no jurisdiction to consider an appeal if the same were lodged at this time, the petition for writ of mandamus must be denied.

It is so ordered.

NIX, J., concurs.

BUSSEY, J., not participating.