Farrell Gene KNIGHT, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, and The State of Oklahoma, Respondents.

No. A–13635.

Court of Criminal Appeals of Oklahoma.

June 2, 1965.

Farrell Gene Knight, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge.

This is a proceeding for writ of habeas corpus, filed by the petitioner without the assistance of counsel. This is the second such petition filed with this Court by this petitioner. On January 13, 1965 the Attorney General's motion to dismiss petitioner's earlier petition for a writ of habeas corpus, in case No. A–13605, was sustained.

Before that action was taken, the petitioner filed a petition for writ of mandamus,

in which he asked this Court to compel the district court of Tulsa County to provide a case made at public expense. That writ was denied, and the opinion is reported in 390 P.2d 894.

This action pertains to four cases which arose in Tulsa County. The basis for petitioner's contention in this action lies in two points. First, that he could not affect an appeal of his conviction because he had no legal counsel; and, second, that there was a purported agreement between petitioner and the assistant county attorney that if he would enter pleas of guilty in three Tulsa County cases, Nos. 20261, 20266 and 20288, the assistant county attorney would arrange for the public defender of Tulsa County to appeal his earlier case, No. 20023, in which he received a five year sentence for "unauthorized use of an automobile, after former conviction of a felony".

It is observed that the present petition is essentially the same as the one formerly filed by the petitioner, except that he now raises the question concerning the purported agreement between him and the assistant county attorney. If such had been true, petitioner should have raised that question at the time he filed his earlier petition. But he did not do so. He waits until now to allege some type of a purported agreement in an effort to find some means of escaping the penalty imposed by the district court of Tulsa County.

■ Even if the assistant county attorney had made such an agreement, which he denies, in this State there is no statutory requirement for the public defender to perfect an appeal, unless in his professional judgment such an appeal has merit. See Holloway v. State, Okl.Cr., 365 P.2d 829.

This petitioner contends that the judgment and sentence rendered in case No. 20023 is null and void, because he was unable ·to exercise his right to appeal. He cites Ex parte Stinnett, 71 Okl.Cr. 184, 110 P.2d 310 as authority for his right to appoint counsel. It should be pointed out that the Stinnett case deals with "capital offenses". This petitioner's offense is not a capital offense. By his own petition, he points out that his first trial was declared a mistrial. He was then tried a second time and found guilty. In both instances he was ably represented by counsel. Likewise,. he was represented by counsel in the subsequent matters, when he entered his pleas. of guilty.

■ Petitioner cites Love v. State, Okl.. Cr., 385 P.2d 512 as authority for his constitutional right to appeal. The opinion does set forth that right, but it also states. as follows:

"[T]his Court has repeatedly held that the time and manner of exercising that right is a proper matter for legislative control, and that the provisions of the statute governing such appeal are mandatory, and appeals must be taken and filed in the manner prescribed."

■ Petitioner has not met those mandatory requirements, and therefore this Court is without jurisdiction to further consider the matter. It should be pointed out that. the petitioner has never challenged the jurisdiction of the court before which he was. tried. It is quite evident that the court did have sufficient jurisdiction. As stated in Mayfield v. State, Okl.Cr., 389 P.2d 362:

"Where the trial court has jurisdiction of the defendant's person, jurisdiction of the subject matter, and authority under the law to pronounce the judgment and sentence, the writ of habeas corpus will be denied."

■ From the examination of the records before this Court, and after making other inquiries, it must be concluded that the constitutional rights of this petitioner have not been violated. This petitioner was no stranger to criminal courts. His. record shows that he was convicted in the State of Colorado in 1956 for violation of the Dyer Act; and on October 3, 1961 was convicted in Tulsa County for the charge of second degree burglary. Therefore, it must be concluded that any waiver of his constitutional rights was accomplished with

his full knowledge of what he was doing. For him to predicate his attempt to avoid his penalty on the basis of a purported agreement with an assistant county attorney, coupled with an alleged violation of his constitutional rights, is unacceptable to this Court.

 As stated in Holloway v. State, Okl.Cr., 365 P.2d 829:

"It is apparent that the order denying petitioner's request for casemade at public expense is not a judgment and sentence within the meaning of 22 O.S. (1951) § 1051."

Therefore, since it is clear that this petitioner did receive a fair trial in case No. 20023; that the district court considered his application for case made forma pauperis, which was denied; that the petitioner knowingly and voluntarily waived any constitutional rights when he waived jury trials and entered pleas of guilty in the three subsequent cases; that he was represented by counsel in all four matters; and that he has not complied with the mandatory statutes pertaining to appeals to this Court, it is required that this petition be denied.

This Court has also had the advantage of the transcript of a conversation the defendant had with the Honorable W. Lee Johnson, Judge of the district court of Tulsa County. This conversation was recorded with the full knowledge and consent of the defendant, in which the defendant made the following answer to one question asked by Judge Johnson:

"Q. In the case before Judge Simms you gave notice of your intention to appeal and bond was fixed in the amount of $5,000.00, and after you plead guilty in these cases before me you announced you wanted to appeal to the Criminal Court of Appeals.

"A I didn't intend to follow through with my appeal after my five year conviction was appealed whatever they decided to do I just dropped my appeal."

This conversation went on to reveal that defendant was attempting to buy time, which would permit him to marry the girl with whom he had been going. It further reveals that this attempt was because he understood the girl was pregnant.

It is apparent that this appeal for a writ of habeas corpus is frivolous and without merit. The Attorney General's motion to dismiss is sustained and the petition for writ of habeas corpus is denied.

BUSSEY, P. J., and NIX, J., concur.