John Richard ANDERSON, Petitioner,

v.

DISTRICT COURT OF OKLAHOMA COUNTY, State of Oklahoma, Respondents.

No. A–14153.

Court of Criminal Appeals of Oklahoma.
April 26, 1967.

John Richard Anderson, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

NIX, Presiding Judge.

This is an Original proceeding filed by the petitioner, John Richard Anderson, for a Writ of Mandamus from this Court directing the District Court of Oklahoma County to grant him a casemade at the expense of the county.

■ From the records and appearance docket of Oklahoma County District Court case #32285 wherein the petitioner was convicted by a jury of Robbery with a Dangerous Weapon, After Former Conviction of a Felony and sentenced to a term of (15) Fifteen Years, it appears judgment and sentence was entered on October 24, 1966. Petitioner was represented by court-appointed counsel throughout his trial and at sentencing. A motion for new trial was filed and overruled the same day. Then, on November 10, 1966, a Supplementary motion for new trial, and notice of intent to appeal, and application for casemade at public expense was filed. On November 18, 1966, the Honorable A. P. Van Meter, District Judge, entered the following order:

> "Now on this 18th day of November, 1966, this matter came on for hearing before the undersigned District Judge upon defendant's supplementary motion for new trial and the Court having examined the files and heard argument of counsel and being fully advised in the premises finds that defendant did not give written

notice of intention to appeal and did not make a written request for casemade at public expense within ten days from the date of judgment and sentence and finds that at the time of judgment and sentence the defendant in open court waived the giving of any notice of appeal and stated that he did not desire to appeal but desired to commence immediately the serving of his sentence, and

IT IS THEREFORE ORDERED that defendant's supplementary motion for new trial and request for casemade at public expense be and the same is hereby overruled, to all of which the defendant excepted."

This Court has repeatedly held that:

"An appeal to the Court of Criminal Appeals may be taken by a defendant as a matter of constitutional right from any judgment rendered against him in a court of record; but the statutes regulate the time and manner of exercising that right, and the appeal must be taken in the manner prescribed."

See, Knight v. Page, Okl.Cr., 402 P.2d 922. Title 22, O.S.A. §§ 1051, 1054, 1060.

Petitioner, at his own request, and in the presence of his counsel, stated that he desired to waive his right to appeal. The trial judge granted his request, and he was transported to the penitentiary on October 27, 1966.

It is the opinion of this Court that the petitioner waived his right to appeal with full knowledge of his act, and with the advice of counsel. And, that the ruling by Judge Van Meter in his order of November 18, 1966, is in accordance with the law and the statutes in Oklahoma.

The petitioner attempts to state that he mailed notice from the Oklahoma County Jail before he was transported to the penitentiary, but does not offer any proof of same. Further, if he had desired to file these instruments, he could have called the public defender who represented him at trial, and who offices in the courthouse, to file these documents for him. This Court finds no merit in petitioner's allegations.

■ Therefore, since the District Court considered petitioner's application for casemade forma pauperis, and application for appeal (which was denied); that petitioner knowingly and voluntarily waived any constitutional rights to appeal when he requested this *himself,* and requested that he be transported to the penitentiary immediately; since he was no stranger to courtroom procedure; and since he was represented by very able counsel at all stages of the proceedings; and that he has not complied with the mandatory statutes pertaining to appeals to this Court; it is apparent that this petition for casemade forma pauperis and for appeal at this late date is frivolous and without merit. The writ of mandamus is hereby denied.

BUSSEY and BRETT, JJ., concur.