**John Richard (Dick) ANDERSON,**
**Appellant,**

**v.**

**Warden Ray H. PAGE and the State**
**of Oklahoma, Appellees.**

**No. 484–70.**

United States Court of Appeals,
Tenth Circuit.

Jan. 7, 1972.

Rehearing Denied March 9, 1972.

Gerald G. Cunningham, Denver, Colo., for appellant.

H. L. McConnell, Asst. Atty. Gen. (Larry Derryberry, Atty. Gen., of Okl., with him on the brief), for appellees.

Before SETH, HOLLOWAY and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

This is an appeal from a denial of appellant's petition for habeas corpus by the United States District Court for the Western District of Oklahoma.

On October 14, 1966, Anderson was convicted in an Oklahoma court of robbery with a dangerous weapon after a former conviction of a felony, and on October 24, 1966, he was sentenced. Appellant claims that while awaiting sentencing, he prepared motions for a new trial, for casemade at public expense, and a notice of his intent to appeal the conviction. He asserts he gave these motions to his jailer to be mailed to the court which tried him. Appellant also claims that he personally mailed a similar set of motions from the Oklahoma State Penitentiary on October 26, 1966. On November 18, 1966, the Oklahoma District Court denied appellant's motions. The district judge said:

". . . [T]he Court having examined the files and reviewed the records and heard argument of counsel and being fully advised in the premises finds that defendant did not give written notice of intention to appeal and did not make a written request for casemade at public expense within ten days from the date of Judgment and Sentence and finds that at the time of Judgment and Sentence the defendant in open court waived the giving of any notice of appeal and stated that he did not desire to appeal but desired to commence immediately the serving of his sentence. . . ."

The only "record" before this court of appellant's trial is the state Criminal Appearance Docket. This docket includes a reference to the motions in question, but does not indicate when they were filed. There is no record whatsoever of appellant's waiver of his right of appeal. It appears from the November 18th order of denial that no evidentiary hearing was held on appellant's motions, and the record does not show when the motions were received by the court.

About a month later, appellant filed a motion for a writ of mandamus in the Oklahoma Court of Criminal Appeals, seeking an order directing the trial court to grant a casemade at public expense. Basing its decision on the prior order of the district court, the Court of Criminal Appeals denied the writ, saying: "It is the opinion of this Court that the petitioner waived his right to appeal with full knowledge of his act, and with the advice of counsel." Anderson v. District Court of Oklahoma County, Okl.Cr., 427 P.2d 437, 439.

Some six months later, appellant filed a petition for a writ of coram nobis in the Oklahoma County District Court. The petition alleged certain violations of appellant's constitutional rights during the course of his trial. The petition was summarily denied.

On July 28, 1967, appellant filed a petition for habeas corpus in the Oklahoma Court of Criminal Appeals. In this petition appellant alleged that he had never intelligently waived his right to appeal, and that as a result he was denied his constitutional right of appeal. The petition also enumerated other alleged violations of appellant's constitutional rights before and during the trial. The court denied the writ, again apparently relying on the initial state court determination of lateness. Anderson v. Page, Okl.Cr., 434 P.2d 503 (1967). No evidentiary hearing was held.

At this point appellant turned to the federal courts. On December 29, 1967, he petitioned the United States District Court for the Western District of Okla-

homa for a writ of habeas corpus. This petition reiterated the constitutional claims placed before the Oklahoma court. In an order dated August 30, 1968, the United States District Court denied the writ, ruling that appellant had waived his right of appeal, citing the initial case. As to appellant's claim that he was inadequately represented at trial, the district court simply concluded that trial counsel was competent. No evidentiary hearing was held.

Appellant attempted to appeal to this court on October 8, 1968, but his notice of appeal was not seasonably filed and the appeal was dismissed. Appellant's subsequent petition for certiorari was denied by the Supreme Court. Anderson v. Page, 394 U.S. 965, 89 S.Ct. 1317, 22 L.Ed.2d 566.

Appellant once again petitioned the Oklahoma Court of Criminal Appeals for a writ of habeas corpus. That court denied relief, holding that the allegations made had been the subject of appellant's previous petition. Okl.Cr. No. A–15,-311.

Appellant again petitioned the United States District Court for the Western District of Oklahoma for a writ of habeas corpus. Briefly summarized, the grounds stated for the granting of the writ were: (1) denial of the right to appeal the criminal conviction; (2) denial of the right to confront the witnesses against him; (3) illegal admission of evidence of prior convictions; (4) unnecessary delay between time of arrest and arraignment; (5) failure to inform appellant that an attorney would be obtained for him without charge; (6) admission into evidence of an illegally obtained "confession"; (7) inadequate trial counsel. The court denied the writ, in part because the petition repeated allegations previously decided, and in part because appellant had failed to exhaust his state remedies as required by 28 U.S.C.A. § 2254 (No. 70–56). No evidentiary hearing was held. From this adverse decision appellant has brought this appeal.

Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, permits in proceedings under section 2255 controlling weight to be given the denial of a prior application if (1) the same ground was determined adversely to the applicant in the prior proceedings; (2) the prior determination was on the merits; and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

In the case at bar, the petition presents the same allegations presented in appellant's first petition. However, from the record before us it cannot be said that the prior determination that relief would be denied was "on the merits," and for this reason the appellant should be afforded an evidentiary hearing.

■ As we have indicated, the trial record in the instant case is only an appearance docket which discloses nothing upon which one can determine if appellant intelligently waived his right of appeal, if defense counsel performed adequately, or if appellant's appeal of his conviction was timely. Indeed, none of the appellant's claims of deprivations of his constitutional rights are controverted by the record. It is simply too sketchy. None of the courts which appellant has petitioned including the federal court have given him an evidentiary hearing to develop a record on the facts. Each successive court has cited the findings and orders of the Oklahoma court originally reviewing the motion for case-made and appeal, and there is no accompanying record which we or the other courts can accept as supporting the Oklahoma court's conclusions.

■ The Oklahoma state court, in the initial proceedings conducted without a hearing, found that petitioner's application for an appeal came too late. There was no consideration given to whether there was a good reason to excuse the lateness. Thus no facts were developed, and apparently no record made. This determination of lateness was thereafter

accepted by the courts to whom petitioner made application as a determination of fact on the issues here raised, and no hearing was held to establish the facts. Under these circumstances, the application of 28 U.S.C.A. § 2254 requires that the case be remanded to the United States District Court for the Western District of Oklahoma for an evidentiary hearing to determine whether petitioner can establish a valid excuse for the late filing of his request for appeal, whether there was a waiver of appeal and if so its relationship to later requests, and whatever other issues and matters the trial court may consider advisable. Since the state courts have given consideration to petitioner's contention relative to denial of an appeal by reference only to the first proceedings, it does not appear that further remedy need there be sought. At this point and on this point, petitioner has exhausted his state remedies. See Sobota v. Cox, 355 F.2d 368 (10th Cir. 1966); Pearce v. Cox, 354 F. 2d 884 (10th Cir. 1965); Cordova v. Cox, 351 F.2d 269 (10th Cir. 1965); and Vaughn v. Cox, 350 F.2d 951 (10th Cir. 1965).

■ As to the fact that the appellant failed to seasonably appeal the original adverse ruling of the district court, we find it significant that appellant had acted as his own counsel from the outset. In Sanders, the federal courts were given wide discretion in similar proceedings and may, upon a proper showing, redetermine previously heard applications when "the ends of justice would be served." 373 U.S. 1, 8, 83 S.Ct. 1068, 1073, 10 L.Ed.2d 148. If the duplication of an already "finalized" application under section 2255 is not an abuse of remedy, then neither is our decision to give the petitioner here a hearing despite his failure to seasonably appeal the prior adverse ruling.

The case is remanded to the United States District Court for the Western District of Oklahoma for an evidentiary hearing as above provided.