**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY LEWIS BROWN,

      Petitioner-Appellant,

v.

WALTER DINWIDDIE, Warden,

      Respondent-Appellee.

No. 07-5182
(D.C. No. CV-07-111-GKF-FHM)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

      On April 1, 1991, Jerry Lewis Brown was convicted pursuant to two

separate plea agreements of one count of rape by instrumentation after former

conviction of two or more felonies, one count of first degree rape after former

conviction of two or more felonies, one count of second degree rape, one count of

second degree rape after former conviction of two or more felonies, and two

counts of lewd molestation. Mr. Brown received a life sentence on each count.

---

      [*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On February 20, 2007, Mr. Brown filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that (1) he was mentally incompetent at the time he entered into his plea agreements and (2) his counsel was ineffective in not discovering this fact. On February 26, 2007, the district court determined that the petition was subject to dismissal as barred by the one-year statute of limitations applicable to habeas corpus proceedings and ordered Mr. Brown to show cause why his petition should not be dismissed. Mr. Brown timely responded to the court's order, arguing that after exhausting his state remedies in 1994 jailhouse lawyers and prison clerks refused to assist him, in part because his "crimes involve very small children." Mr. Brown further asserted that he has a severe reading disability, was not made aware of the one-year statute of limitations, and remains mentally incompetent. The district court found that none of these proffered reasons entitled Mr. Brown to equitable tolling of the limitations period, and dismissed his petition as time barred. Mr. Brown filed a motion to alter or amend the judgment, attaching two handwritten statements from fellow inmates stating that Mr. Brown "appears to [the declarant] to be incapable of rational thought." App., Doc. 8. The district court denied the motion, as well as Mr. Brown's motion for a certificate of appealability ("COA") and motion to proceed *in forma pauperis* ("IFP").

Mr. Brown now seeks a COA from this court and also renews his motion to proceed IFP. Because Mr. Brown's petition was denied on procedural grounds,

we may issue a COA only if Mr. Brown makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on our independent review of the record in this case, and for substantially the same reasons given by the district court, we conclude that no reasonable jurist could debate the correctness of the district court's statute of limitations ruling.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year statute of limitations for filing a petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). For prisoners such as Mr. Brown whose convictions became final prior to AEDPA's enactment on April 24, 1996, the limitations period began on the date on which AEDPA was enacted and expired a year later, on April 24, 1997.[1] 28 U.S.C. § 2244(d)(1)(A); *United States v. Hurst*, 322 F.3d 1256, 1259-61 (10th Cir. 2003). Mr. Brown filed his petition nearly a decade after the limitations period expired, and so unless he can demonstrate that the limitations period was equitably tolled, his petition was properly dismissed.

---

[1] Mr. Brown does not suggest that application of any of the other provisions of 28 U.S.C. § 2244(d)(1) would result in a longer limitations period, nor did he pursue any post-conviction relief during the one-year limitations period that would entitle him to statutory tolling under Section 2244(d)(2).

Mr. Brown has not, however, made a showing sufficient to lead any reasonable jurists to debate whether he was entitled to equitable tolling. We have squarely held that the fact that a prisoner did not know about AEDPA's limitations period does not entitle the prisoner to equitable tolling, *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); neither, more broadly, does "ignorance of the law, even for an incarcerated pro se petitioner, . . . excuse prompt filing," *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). With respect to his claim that he was mentally incompetent from April 24, 1996 to April 24, 1997, the district court correctly noted that we have never recognized mental incapacity as a justification for equitable tolling. *Harms v. Internal Revenue Serv.*, 321 F.3d 1001, 1006 (10th Cir. 2003). Moreover, those courts that do recognize equitable tolling for mental incapacity only do so in "exceptional circumstances." *Id.* Mr. Brown's response to the district court's order failed to indicate any evidence pointing to his incompetence during 1996-97, let alone that his mental incapacity elevates his circumstances to the exceptional. Indeed, nowhere does Mr. Brown even indicate the nature of his incompetence, such as by identifying himself as developmentally disabled or by pointing to a specific mental illness from which he suffers. The only detail about his mental incompetence Mr. Brown provided in his response is that it does not require that he be confined to the prison medical unit. And though Mr. Brown's petition appears to state that he was certified as incompetent by health professionals in 1977, that was 20 years prior to the time

period relevant to this matter. The only evidence Mr. Brown is able to muster of his incompetence in 1996-97 is the written statements of two fellow inmates attached to his motion to alter or amend the judgment. These statements, however, provide neither the declarant's qualifications to make judgments about mental capacity, nor, apart from general observation, the basis for the opinions expressed. These statements are, moreover, completely silent as to anything exceptional about Mr. Brown's circumstances.

Finally, with respect to Mr. Brown's motion to proceed IFP, we note that his "Statement of Institutional Accounts" indicates that he has in excess of $850 in his savings account, and under Okla. Stat. tit. 57, § 549(A)(5), funds from an inmate's savings account may be used for fees or costs in filing a federal action. Thus, Mr. Brown apparently has the financial ability to pay the $455 filing fee for this appeal, and he has offered no convincing reason to conclude otherwise. He is therefore ordered to pay the requisite filing fee and his motion to proceed IFP is denied. *See United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005); *see also Clark v. Oklahoma*, 468 F.3d 711, 714-15 (10th Cir. 2006).

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge