FILED
United States Court of Appeals
Tenth Circuit

**May 14, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY E. TODD,

        Petitioner-Appellant,

v.

ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

        Respondent-Appellee.

No. 09-5159
(D.C. No. 4:09-CV-00590-GKF-TLW)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Gary E. Todd, a state prisoner proceeding pro se, seeks a Certificate of
Appealability ("COA") to appeal the district court's denial of his petition for
habeas corpus filed under 28 U.S.C. § 2254. With jurisdiction under 28 U.S.C.
§§ 1291 and 2253(a), we DENY his request for a COA and DISMISS this matter.

---

[*]    This Order is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

    After examining the briefs and the appellate record, this three-judge panel
has determined unanimously that oral argument would not be of material
assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I. Background

In 2002, Mr. Todd pleaded guilty in Oklahoma state court to two counts of sexually abusing a minor child. He was sentenced to a thirty-year prison term for each count, the two terms to be served concurrently. In 2003, Mr. Todd unsuccessfully sought post-conviction relief in Oklahoma state court. He then filed in federal district court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied the petition, and we denied Mr. Todd's subsequent application for a COA to appeal the district court's judgment. *See Todd v. Miller*, 192 F. App'x 731 (10th Cir. 2006). In 2008, Mr. Todd again sought state post-conviction relief, but he was again unsuccessful. In 2009, Mr. Todd filed with the federal district court another § 2254 petition (the one at issue here). He argued that his guilty plea was involuntary because he was misinformed about his sentence, and because his sentence exceeded the maximum provided by law.

The district court denied the petition. The court first pointed out that it lacked jurisdiction over such a "second or successive" habeas application absent prior authorization from the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Because Mr. Todd had not sought such authorization, the district court concluded that it could not consider the merits of the petition.

The district court also noted that it possessed discretion under 28 U.S.C. § 1631 to transfer such a misfiled petition to the court of appeals "if . . . it is in

the interest of justice."  R. at 72 (Opinion and Order, filed Oct. 13, 2009) (internal quotation marks omitted).  It stated:

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* (quoting *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008)) (brackets omitted) (internal quotation marks omitted).  The district court concluded that these factors cut against transfer in Mr. Todd's case.  The factual basis for Mr. Todd's claim arose when he was convicted and sentenced, in April 2002.  But he did not raise his claim in any proceedings until May 2008, more than six years later.  This exceeded the one-year limitations period for habeas claims.  *See* 28 U.S.C. § 2244(d)(1)(A).  Because Mr. Todd gave no reason to think that he was entitled to tolling of this one-year period, the district court concluded that the claim was time-barred and "it would be a waste of judicial resources to transfer [the petition] to the Tenth Circuit."  R. at 74.  Therefore, it dismissed the petition for lack of jurisdiction.

Mr. Todd filed a timely notice of appeal.  The district court denied his application for a COA and denied his motion to proceed on appeal *in forma pauperis* ("IFP").  Mr. Todd renews these claims before us.

-3-

## II. Discussion

Unless a defendant obtains a COA, we lack jurisdiction to consider the merits of a habeas appeal. 28 U.S.C. § 2253(c)(1)(A). We in turn may only issue a COA if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court denies a petition on procedural grounds, to make this showing the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As the district court noted, where a petitioner files a second or successive habeas petition without first obtaining authorization from the court of appeals, the district court has two options: dismiss the petition for lack of jurisdiction or transfer it to the court of appeals if it is in the interest of justice. *See Cline*, 531 F.3d at 1252–53. Here, the district court held that transfer would not have been in the interest of justice because Mr. Todd's petition was time barred and not subject to tolling. On appeal, to the extent that Mr. Todd objects to the district court's procedural conclusion, he does so in only the most conclusory fashion and without argument. *See* Aplt. Op. Br. at 2 ("Th[e] District Court for [the] Northern District of Oklahoma overlooked Petitioner['s] [w]rit was filed timely . . . ."). And, based upon our own review of the record, we have no reason to believe that

-4-

reasonable jurists would disagree with the district court's procedural conclusion. Therefore we must deny Mr. Todd's petition for a COA.

We also conclude that the district court properly denied Mr. Todd's motion to proceed IFP. Mr. Todd's "Statement of Institutional Accounts" indicates that he has $523.00 in his savings account. Under Oklahoma law, *see* Okla. Stat. tit. 57, § 549(A)(5), these funds may be used to pay the costs of federal filing fees. Thus, it seems that Mr. Todd has the ability to pay the $455 fee for this appeal, and we deny his motion for IFP status. *See, e.g.*, *McKnight v. Dinwiddie*, No. 09-5152, 2010 WL 257285, at *3 (10th Cir. Jan. 25, 2010); *Brown v. Dinwiddie*, 280 F. App'x 713, 715–16 (10th Cir. 2008).

### III. Conclusion

For substantially the reasons given by the district court, we **DENY** Mr. Todd's request for a COA, **DISMISS** this matter, and **DENY** Mr. Todd's motion to proceed on appeal IFP.

Entered for the Court

JEROME A. HOLMES
Circuit Judge