**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BRYAN DOUGLAS NICHOLSON,

Petitioner–Appellant,

v.

HASKELL HIGGINS, JR., Warden,

Respondent-Appellee.

No. 05-7032
(D.C. No. CIV-04-479-S)
(E.D. Okla.)

---

**ORDER DENYING A CERTIFICATE OF
APPEALABILITY**

---

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

---

Pro se, state prisoner Bryan D. Nicholson requests a certificate of appealability

("COA") to appeal the denial of his 28 U.S.C. § 2254 habeas corpus petition.[1]  For

---

[1]  Nicholson's petition was filed after April 24, 1996, the effective date of the
Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's
provisions apply to this case.  See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir.
1999).  AEDPA conditions a petitioner's right to appeal a denial of habeas relief under
§ 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A).  A COA may be issued "only
if the applicant has made a substantial showing of the denial of a constitutional right."
§ 2253(c)(2).  This requires Nicholson to demonstrate "that reasonable jurists could
debate whether (or, for that matter, agree that) the petition should have been resolved in a
different manner or that the issues presented were adequate to deserve encouragement to
proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).
Because the district court denied Nicholson a COA, he may not appeal the district court's

1

substantially the same reasons set forth in the district court order, we **DENY** Nicholson's requests for a COA and **DISMISS**.

Nicholson was convicted of Assault with Intent to Commit a Felony, and was given a suspended sentence. On August 12, 2003 Nicholson's suspended sentence was revoked due to a parole violation. He did not file a notice of appeal within ten days, as required by Okla. Stat. tit. 22, ch. 18, app., Rules 2.1 and 2.5. Therefore, the revocation order became final on August 22, 2003. AEDPA provides for a one-year statute of limitations on applications for writs of habeas corpus by persons in custody pursuant to the judgment of a State court. § 2244(d). Nicholson thus had until August 22, 2004, to file a federal habeas petition, but did not do so until October 26, 2004.[2]

The district court dismissed Nicholson's habeas petition on the basis of the AEDPA statute of limitations. Because the district court dismissed on a procedural ground prior to development of either the factual or legal basis for Nicholson's underlying claims, our assessment of the merits of his claims is necessarily limited. "When the district court denies a habeas petition on procedural grounds without reaching

decision absent a grant of a COA by this court.

[2] Nicholson also sought judicial review under Okla. Stat. tit. 22, § 982a, which allows state sentencing courts to modify parole revocation within twelve months after revocation, but as the district court properly noted, such motions seek discretionary review, their denial is not appealable, and they therefore do not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period. Furthermore, even if Nicholson's § 982a petition did toll the limitations period for the 37 days it was pending, his federal habeas petition would still be untimely.

2

the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added). Nicholson has not shown that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Nicholson advances two arguments against the application of the AEDPA time-bar. First, he erroneously claims that he had 90, rather than 10, days from the parole-revocation to file his appeal, citing to Okla. Stat. tit. 22, § 1054. That statute, however, provides the time within which defendants must perfect appeals following the date of the pronouncement of the judgment and sentence. To "perfect" an appeal is to make it ready for transfer to an appeals court by satisfying various procedural requirements. In contrast with the 90-day period permitted for perfecting an appeal, Okla. Stat. tit. 22, ch. 18, app., Rule 2.5 provides the filing deadline: "Within ten (10) days from the date the Judgment and Sentence is imposed . . . the defendant must file with the trial court clerk a notice of intent to appeal and designation of record . . . ." Therefore, as noted above, the revocation order became final on August 22, 2003, and Nicholson's October 26, 2004 habeas petition was time-barred in the absence of some equitable consideration.

Nicholson's second, alternative, argument against application of the AEDPA time-bar is that we should deem the statute of limitations to have equitably tolled. In support

of this proposition, he argues that he had inadequate access to law library facilities. This court has recognized that AEDPA's limitation period "may be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). To justify equitable tolling, an inmate must make a specific showing of: (1) lack of access to relevant materials, and (2) the steps taken to "diligently pursue his federal claims." Id.

Nicholson's allegations are inadequate. He alleges that during "his 82 days in county jail" he was denied access to a law library. In support of this claim he offers a letter from the McCurtain County Sheriff that says merely that the jail has a policy of allowing access upon request but does not keep records of such requests. Aside from the conclusory nature of Nicholson's allegations, we note that Nicholson only alleges denial of law library facilities for his 82 days at the McCurtain County Sheriff's Office. He is currently in the custody of the Oklahoma Department of Corrections at the Howard McLeod Correctional Center, where it is undisputed that he had many months to research and prepare, unimpeded, his constitutional claim for habeas corpus review. His failure to do so leads us to agree with the conclusion of the district court that he has not demonstrated the "exceptional circumstances," Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1268 (10th Cir. 1996), and the diligent pursuit of his remedies, see Miller, 141 F.3d at 978, required for equitable tolling.

4

For the reasons set forth above, Nicholson's request for a COA is **DENIED** and the appeal is **DISMISSED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge