F I L E D
**United States Court of Appeals
Tenth Circuit**

**April 14, 2006**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FREDRICK T. HEINKEN,

        Petitioner - Appellant,

vs.

HASKELL HIGGINS, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

        Respondents - Appellees.

No. 06-6003
(D.C. No. 05-CV-812-C)
(W.D. Okla.)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Fredrick T. Heinken, a state inmate appearing pro se, seeks a certificate of
appealability (COA) so that he may appeal from the district court's denial of his
habeas petition filed pursuant to 28 U.S.C. § 2254. Because Mr. Heinken has not
made "a substantial showing of the denial of a constitutional right," 28 U.S.C. §
2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny a COA and
dismiss the appeal.

On December 16, 2003, Mr. Heinken was convicted, upon a guilty plea, of
first degree manslaughter (Count 1); causing an accident resulting in great bodily

injury (Count 2); leaving the scene of an accident resulting in death (Count 3); driving while privilege revoked (Count 4); and failure to carry valid security verification (Count 5), all after prior felony conviction. He was sentenced to ten years imprisonment on Counts 1 and 3, five years imprisonment on Count 2, one year imprisonment on Count 4, and a $50.00 fine on Count 5, all terms to run concurrently. He did not apply to withdraw his plea and filed no direct appeal. On June 2, 2004, Mr. Heinken filed a request for sentence modification in state district court pursuant to Okla. Stat. tit. 22, § 982a, which was denied on August 16, 2004. On November 23, 2004, Mr. Heinken returned to state district court, filing a petition for post-conviction relief pursuant to Okla. Stat. tit. 22, § 1081. That court denied relief on January 28, 2005, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed that denial on May 3, 2005.

On July 8, 2005, Mr. Heinken filed his federal habeas petition.[1] In it, he claimed that—counter to the mandates of due process—he did not voluntarily and intelligently enter into his guilty plea because (1) the trial court failed to inform

---

[1] As the magistrate judge recognized, the petition was file-stamped on July 18, 2005. However, the petition contains a verification dated July 8, 2005, stating that the petition was placed in the prison mailing system on that date. The petition also indicates that the document was signed on July 5, 2005. The petition is deemed "filed" when the petitioner deposits it in the prison mail system. See Hoggro v. Boone, 150 F.3d 1223, 1226 n.3 (10th Cir. 1998). But even liberally construing the petition to be filed on July 5, 2005, the analysis below is unaffected.

him of all the elements of first degree manslaughter, see R. Doc. 2 at 3-4, (2) his plea counsel and the district attorney misrepresented the evidentiary showing required by the state to fulfill those elements, id. at 8, (3) and other "extinuating [sic] circumstances," such as his hearing and sight limitations that inhibited his understanding of the plea proceedings, id. at 4. In his habeas petition, Mr. Heinken also addressed the merits of his underlying claims, i.e., the ineffective assistance of his plea counsel and the insufficiency of the evidence supporting his first degree manslaughter conviction. See id. at 1-2. He forwards the same substantive arguments here. See Aplt. Br. at 16.

The magistrate's report and recommendation concluded that Mr. Heinken's substantive challenges were time-barred given the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A). The district court adopted the report and recommendation, overruling Mr. Heinken's objections. Where the district court dismisses a petition on procedural grounds, a COA requires the inmate to demonstrate that it is reasonably debatable whether (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court's procedural ruling is correct. Slack, 529 U.S. at 484.

The district court's conclusion that Mr. Heinken's claims are time-barred is not reasonably debatable. Federal law provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This limitation period begins on "the date on which the judgment became final by . . . the expiration of time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). Because Mr. Heinken did not seek to withdraw his guilty plea or seek a direct appeal, his conviction became final on December 26, 2003, ten days after entry of his plea. See Okla. Crim. App. R. 4.2(A), Okla. Stat. tit. 22, ch. 18, app. The one-year limitations period was tolled from November 23, 2004 to May 3, 2005 during the pendency of his petition for post-conviction relief.[2] But it resumed on May 3, 2005 when the OCCA affirmed the district court's denial of relief. Accordingly, Mr. Heinken had until June 5, 2005, to file his federal habeas petition. As noted, his petition was not filed until July 8.

The one-year limitations period is not jurisdictional and is subject to equitable tolling in appropriate cases. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling of the limitations period is only appropriate in "rare

---

[2] We acknowledge that Mr. Heinken also sought judicial review under Okla. Stat. tit. 22, § 982a, which allows the state court imposing the sentence to modify it within twelve months after imposition. But as the magistrate judge properly noted, such motions seek discretionary review, their denial is not appealable, and they therefore do not constitute post-conviction proceedings for purposes of tolling the one-year limitations period. See, e.g., Bridges v. Johnson, 284 F.3d 1201, 1203-04 (11th Cir. 2002) (finding petitioner's application before state sentence review panel seeking discretionary and non-appealable review did not constitute post-conviction proceedings for the purposes of tolling the one-year limitations period).

and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (quotation omitted). Moreover, "[equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Mr. Heinken's general claims of lack of access to either an adequate law library or a person trained in law do not suffice to establish equitable tolling. His federal habeas petition was therefore time-barred.

We GRANT IFP status, DENY a COA, and DISMISS this appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge