FILED
**United States Court of Appeals
Tenth Circuit**

**April 3, 2008**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN GLEN BOHON,

Petitioner-Appellant,

v.

STATE OF OKLAHOMA and BRUCE HOWARD, Warden,

Respondents-Appellees.

No. 07-5169

Northern District of Oklahoma

(D.C. No. 4:07-CV-00349-CVE-FHM)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **ANDERSON** and **McCONNELL**, Circuit Judges.

John Glen Bohon, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Bohon has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

# I. BACKGROUND

On May 23, 2003, Mr. Bohon was convicted in Oklahoma state court on one count of lewd molestation.  He was sentenced to six years' imprisonment. Mr. Bohon timely appealed his conviction to the Oklahoma Criminal Court of Appeals (OCCA), which unanimously affirmed on May 27, 2004.  Mr. Bohon never sought certiorari in the United States Supreme Court.  Instead, on December 1, 2003, he filed a motion for judicial review of his sentence pursuant to Okla. Stat. tit. 22, § 982a. The state district court denied review on December 18, 2003. Thereafter, Mr. Bohon filed a motion to modify his sentence on July 23, 2004; it was denied on April 29, 2005.  More than a year later, on September 1, 2006, he filed an application for post-conviction relief in state district court.  The application was denied on March 16, 2007, and the OCCA affirmed the district court's denial of relief on May 9, 2007.  Finally, on June 20, 2007, Mr. Bohon filed a petition under 28 U.S.C. § 2254 in federal court alleging numerous violations of his constitutional rights.  The district court denied his petition as time-barred under 28 U.S.C. § 2244. In his application for a COA, Mr. Bohon challenges that determination.

# II. DISCUSSION

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA.  28 U.S.C. § 2253(c)(1)(A).  A COA will issue "only if the applicant has made a substantial

-2-

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Where, as here, the district court denies habeas relief on procedural grounds, the petitioner must demonstrate that "jurists of reason of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 478.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on § 2254 habeas petitions, running from the latest of (1) the date the judgment of conviction becomes final, (2) the date on which an "impediment created by the state in violation of the Constitution or laws of the United States is removed," (3) the date on which the Supreme Court first recognizes the constitutional right asserted, or (4) "the date on which the factual predicate of the . . . claims presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244(d). Because Mr. Bohon failed to file a petition for writ of certiorari in the United States Supreme Court, his conviction became final on August 25, 2004, ninety days after OCCA denied relief on direct appeal. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Thus, absent statutory or

equitable tolling, Mr. Bohon had one year, from August 25, 2004, to August 25, 2005, to file his habeas petition. He waited, however, until June 20, 2007.

Mr. Bohon's petition is not eligible for statutory tolling. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period limitation." 28 U.S.C. § 2244(d)(2). However, even disregarding the time during which each of Mr. Bohon's post-conviction proceedings was under submission, more than a year passed between the date his conviction became final and the date he filed his petition for habeas relief in federal district court. Indeed, more than a year elapsed between the date his conviction became final and the date he filed his first petition for post-conviction relief in state court.[1] Statutory tolling therefore does not make his federal petition timely.

We also agree with the district court that Mr. Bohon is not eligible for equitable tolling. A petitioner is eligible for equitable tolling only when he "diligently pursues his claims and demonstrates that the failure to timely file was

---

[1]Although Mr. Bohon filed motions for sentence modification before the limitations deadline, relief under § 982a is discretionary and a denial of relief is not appealable. Therefore, these motions do not constitute an application for post-conviction relief, and they do not toll the limitations period. *See Heinken v. Higgens*, 175 Fed. App'x 986, 988 n. 2 (10th Cir. 2006); *accord Bridges v. Johnson*, 284 F.3d 1201, 1203–04 (11th Cir. 2002). We also note that even if Mr. Bohon's §982a motions did toll the limitations period for the time that they were pending, his § 2254 petition would still be untimely.

caused by extraordinary circumstances beyond his control." *March v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Mr. Bohon fails to claim, let alone demonstrate, extraordinary circumstances beyond his control that prevented his filing of a timely petition. Instead, he argues that he is actually innocent and that the procedural bar should be excused to prevent a fundamental miscarriage of justice. To prevail on such a claim, Mr. Bohon must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Mr. Bohon's claim of actual innocence is unsupported by any new reliable evidence. Instead, he relies on vague and conclusory statements and on excerpts from the trial transcript to support his assertion of actual innocence. These are insufficient to demonstrate a fundamental miscarriage of justice and excuse Mr. Bohon's failure to file a timely petition.

### III. CONCLUSION

Accordingly, we **DENY** Mr. Bohon's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge