FILED
United States Court of Appeals
Tenth Circuit

March 20, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PHILLIP BYNUM,

        Petitioner-Appellant,

v.

BRUCE HOWARD, Warden,

        Respondent-Appellee.

No. 08-6221
(D.C. No. 5:08-CV-00454-D)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

On August 4, 2006, Phillip Bynum pled guilty in Oklahoma state court to a charge of possession of a dangerous controlled substance with intent to distribute. He was sentenced to a prison term of 20 years. Mr. Bynum did not attempt to withdraw his plea or appeal his conviction. He did file two motions for post-conviction relief in the state courts, both of which were denied.

On April 30, 2008, Mr. Bynum turned his efforts to federal court, filing a *pro se* federal habeas petition under 28 U.S.C. § 2254 in the United States District

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Court for the Western District of Oklahoma, presenting four claims for relief. The district court referred the petition to a magistrate judge. After the magistrate judge recommended dismissing Mr. Bynum's petition as time-barred, the district court adopted the Report and Recommendation and ordered the petition dismissed as untimely. Mr. Bynum now seeks a certificate of appealability ("COA") from us in order to appeal the district court's order of dismissal. Mr. Bynum also renews his motion to proceed *in forma pauperis*.

We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court dismisses a § 2254 petition on procedural grounds, we may issue a COA only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on our independent review of the record in this case, and affording solicitous construction to Mr. Bynum's *pro se* filings, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we find that Mr. Bynum has not met this threshold.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a motion for habeas relief brought under § 2254 generally must be made within one year from the date on which the conviction became final. 28 U.S.C. § 2244(d)(1)(A). When a defendant pleads guilty in Oklahoma state court and does not attempt to withdraw the plea or appeal, as is the case here, the

sentence becomes final after the expiration of the ten-day period in which a defendant can seek to withdraw a plea under Oklahoma law. *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001). The one-year limitations period thus began to run in this case on August 14, 2006. Mr. Bynum, however, did not file his petition until April 30, 2008, well after one year had passed. Accordingly, unless the one-year limitations period was tolled for a sufficient period of time, Mr. Bynum's petition is clearly time-barred.

We see no basis for tolling that could render this petition timely. While the AEDPA limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief . . . is pending," 28 U.S.C. § 2244(d)(2), the only state court motion Mr. Bynum filed during the limitations period, a request for a reduction or modification of his sentence, was filed on July 26, 2007, and denied on July 27, 2007. Even if such a motion was capable of tolling the limitations period, a question over which there is some doubt,[1] the motion was only pending for one day and so is obviously of no avail to Mr. Bynum. As for Mr. Bynum's other state post-conviction motion, it was filed after the one-year limitations period had expired (on October 25, 2007), and thus did

---

[1] The magistrate judge found that the motion requesting judicial review of a sentence did not "constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period," citing one of our unpublished opinions. Rep. and Rec. at 5 (citing *Nicholson v. Higgins*, 2005 WL 1806446 (10th Cir. 2005)). Because we find Mr. Bynum's petition would not be timely even if this motion tolled the limitations period, we have no need to resolve that question.

not toll the limitations period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

Neither do we discern a basis for equitable tolling. The one-year limitations period of § 2244(d) is subject to equitable tolling only if "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Mr. Bynum, however, has not even attempted to show that he was diligent in pursuing his federal claims or that his failure to timely file was due to "extraordinary circumstances beyond his control." Finding no basis for statutory or equitable tolling, Mr. Bynum's petition is clearly time-barred.

Because reasonable jurists could not debate whether Mr. Bynum's petition is time-barred, his request for a COA is denied and this appeal is dismissed. Finally, because we find that Mr. Bynum has not shown the existence of a nonfrivolous argument in support of the issues raised on appeal, we deny his motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge


- 4 -