FILED
United States Court of Appeals
Tenth Circuit

June 1, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY WAYNE DAMPF,

      Petitioner - Appellant,

    v.

DAVID PARKER, Warden,

      Respondent - Appellee.

No. 09-5177
(N.D. Oklahoma)
(D.C. No. 4:09-CV-00283-CVE-TLW)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **MURPHY**, **GORSUCH,** and **HOLMES**, Circuit Judges.

Petitioner, Jerry Wayne Dampf, an Oklahoma state prisoner proceeding *pro se* and *in forma pauperis*, seeks a certificate of appealability ("COA") so he can appeal the district court's dismissal of the habeas corpus petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA).

On July 26, 2001, Dampf pleaded guilty in Oklahoma state court to lewd molestation, forcible sodomy, first degree rape, and rape by instrumentation. He was sentenced on September 6, 2001. Dampf did not attempt to withdraw his guilty plea or otherwise appeal his conviction. On July 16, 2002, however,

Dampf filed an Application for Judicial Review, seeking a modification of his sentence. The state court granted Dampf's application and significantly modified his sentence on September 4, 2002. Dampf filed his first state application for post-conviction relief on December 26, 2002, and his second application on May 19, 2008. Both were denied by the state district court and the denials were affirmed by the Oklahoma Court of Criminal Appeals.

Dampf filed his federal habeas corpus action on May 15, 2009. In the § 2254 petition he alleged (1) the trial court lacked jurisdiction over the state criminal proceedings; (2) he was denied the right to appeal his conviction and sentence due to the ineffective assistance of his trial counsel; (3) trial counsel's performance was adversely affected by a conflict of interest; (4) the prosecutor engaged in misconduct; (5) his guilty plea was not knowing and voluntary; (6) the trial judge was biased against him; (7) he is actually innocent; and (8) he was denied his Sixth Amendment right to counsel during an interrogation. Respondent moved to dismiss Dampf's habeas action as time-barred, arguing it was filed after the expiration of the one-year limitations period established by the AEDPA. *See* 28 U.S.C. § 2244(d) (setting forth a one-year statute of limitations for § 2254 applications). The court concluded Dampf's convictions became final on September 17, 2001, because he did not attempt to withdraw his guilty plea or initiate a direct appeal. *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001). The one-year statute of limitations period was not statutorily tolled while

-2-

Dampf pursued state post-conviction relief because he did not first seek that relief until December 26, 2002, more than one year after his conviction became final.[1] *Id*. at 1142-43. The district court also concluded Dampf was not entitled to equitable tolling. Accordingly, the court granted Respondent's motion and dismissed Dampf's habeas petition.

To be entitled to a COA, Dampf must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). This court reviews the district court's decision on equitable tolling of the limitations period for abuse of discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

This court has reviewed Dampf's appellate brief and application for COA, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Dampf is not

---

[1]In *Nicholson v. Higgins*, this court concluded that an application for judicial review filed pursuant to Okla. Sta. tit. 22, § 982a does not toll the AEDPA's one-year limitations period. 147 F. App'x 7, 8 n.2 (10th Cir. 2005). Dampf's application for judicial review was filed ten months after his conviction became final and his first state post-conviction application was filed more than three months after he was resentenced. Thus, his § 2254 petition is untimely even if the application for judicial review tolled the limitations period.

entitled to a COA.  Further, the record establishes Dampf has failed to demonstrate any circumstance that justifies equitable tolling.  Thus, it is clear the district court did not abuse its discretion when it refused to equitably toll the one-year limitations period.

The district court's resolution of Dampf's habeas application is not reasonably subject to debate and his claims are not adequate to deserve further proceedings.  Accordingly, Dampf has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA.  28 U.S.C. § 2253(c)(2).  This court **denies** Dampf's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge