**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FLOYD RUBEN GUTIERREZ,

     Petitioner–Appellant,

v.

GARY K. KING, Attorney General for
the State of New Mexico,

     Respondent–Appellee.

No. 11-2072
(D.C. No. 6:10-CV-00984-MCA-RLP)
(D.N.M.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

Floyd Ruben Gutierrez, a state prisoner proceeding pro se,[1] seeks a certificate of

appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254

petition. We deny a COA and dismiss the appeal.

**I**

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Gutierrez proceeds pro se, we construe his filings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Gutierrez challenges two New Mexico state convictions. He pled guilty to one count of aggravated battery in state case CR-2006-315 ("CR2006"). Judgment was entered on May 16, 2007. A year later, he was convicted by a jury in case CR-2007-58 ("CR2007") of battery on a peace officer, aggravated driving while intoxicated, and evading or obstructing an officer. Judgment was entered on August 26, 2008.

## II

Gutierrez did not receive a COA from the district court, and thus he may not appeal the district court's decision unless we grant a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This standard requires an applicant to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Where, as here, the application was denied on procedural grounds without reaching any underlying constitutional claim, the petitioner must convince us "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. (emphasis added).

## A

As the district court correctly concluded, Gutierrez's claims relating to CR2006

are time-barred.

Gutierrez had one year to file an application for a writ of habeas corpus from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  New Mexico's rules of appellate procedure gave Gutierrez thirty days to appeal after judgment was filed.  See N.M. R. App. P. 12-201(A)(2).  Judgment in case CR2006 was entered on May 16, 2007, and Gutierrez did not file a direct appeal.  Consequently, his one-year clock for filing a § 2254 petition began running on June 15, 2007, when his time to file a state appeal expired.  Gutierrez filed a motion to withdraw his guilty plea on March 13, 2008, which was denied on July 10.  The time during which that motion was pending tolled the AEDPA limitations period.  See § 2244(d)(2); see also Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001), abrogated on other grounds by Merritt v. Blaine, 326 F.3d 157, 166 (3d Cir. 2003) (motion to withdraw guilty plea is "properly filed application for State post-conviction or other collateral review" under § 2244(d)(2)).  Accordingly, the one-year deadline for Gutierrez to file his § 2254 petition was October 11, 2008.  It was not filed until October 18, 2010.[2]

**B**

---

[2] Gutierrez did file a state habeas petition on May 12, 2009, which was denied three days later.  However, Gutierrez is not entitled to statutory tolling under § 2244(d)(2), because this state habeas petition was filed after the one-year deadline under § 2244 had already expired.  Cf. Bohan v. Oklahoma, 313 F. App'x 82, 84 (10th Cir. 2008) (unpublished).

Gutierrez challenges CR2007 on four grounds: (1) ineffective assistance of counsel; (2) contested evidentiary rulings under the heading "Brady Issue"; (3) violation of the Confrontation Clause; and (4) violation of his right to compulsory process.

Of these arguments, only the ineffectiveness claim was presented to the district court, which rightly observed the claim had not been exhausted in the state courts. No reasonable jurist could argue the district court erred in dismissing it, because exhaustion is a mandatory prerequisite for federal habeas review under 28 U.S.C. § 2254(b)(1)(A).

Because Gutierrez advances his other arguments about CR2007 for the first time on appeal, they are not properly before this court and we decline to consider them. Dockins v. Hines, 374 F.3d 935, 940 (10th Cir. 2004).

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge