FILED
United States Court of Appeals
Tenth Circuit

June 23, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALEJANDRO RODRIGUEZ-
RODRIGUEZ,

      Petitioner - Appellant,

v.

JANE STANDIFIRD, Warden,

      Respondent - Appellee.

No. 11-5033
(D.C. No. 4:10-CV-00202-CVE-PJC)
(N.D. Okla.)

---

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant Alejandro Rodriguez-Rodriguez, a state inmate

proceeding pro se, seeks a certificate of appealability ("COA") allowing him to

appeal the district court's order dismissing his petition for a writ of habeas corpus

with prejudice. To obtain a COA, Mr. Rodriguez-Rodriguez must make "a

substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Because the

district court dismissed his petition on procedural grounds, Mr. Rodriguez-

Rodriguez also must show that the district court's procedural ruling is reasonably

debatable. Slack, 529 U.S. at 484. Because he has not made the requisite

showing, we deny a COA and dismiss the appeal.

Mr. Rodriguez-Rodriguez pleaded nolo contendere to use of a motor vehicle to facilitate the discharge of a weapon and was sentenced to a term of ten years on August 24, 2004. 1 R. 32. Mr. Rodriguez did not file a motion to withdraw his plea or otherwise perfect an appeal so the conviction became final ten days thereafter on September 3, 2004. Okla. Stat., tit. 22, Ch. 18, App., Rule 4.2; Fleming v. Evans, 481 F.3d 1249, 1255 (10th Cir. 2007). Without statutory or equitable tolling, the limitations period expired one year later on September 6, 2005.

Mr. Rodriguez filed three state post-conviction motions.

- A motion for judicial review filed July 28, 2005, denied August 19, 2005. 1 R. at 43-44.

- An application for post-conviction relief filed December 15, 2005, denied February 13, 2006. Id. at 44-45. That denial was appealed to the OCCA on March 13, 2006 and affirmed on June 5, 2006. Id. at 52.

- An appeal to the Oklahoma Supreme Court filed July 5, 2006, and dismissed for lack of jurisdiction on September 18, 2006. Id. at 54.

The district court determined that the instant federal petition filed April 2, 2010 was time-barred given the one-year limitation period and that neither statutory nor equitable tolling occurred. Rodriguez-Rodriguez v. Standifird, No. 4:10–cv–00202–CVE–PJC, 2011 WL 494642, at *3-4 (N.D. Okla. Feb. 7, 2011); see also Holland v. Florida, 130 S. Ct. 2549, 2562-63 (2010) (equitable tolling

requires reasonable diligence and extraordinary circumstances which prevented timely filing). The district court reasoned that the motion for judicial review did not toll the time period under 28 U.S.C. § 2244(d)(2), because it involves discretionary review and is not appealable relying upon <u>Nicholson v. Higgins</u>, 147 F. App'x. 7, 8 n.2 (10th Cir. 2005), an unpublished order and judgment. It further concluded that the other two post-conviction proceedings did not toll because they came after the limitations period had expired. <u>Fisher v. Gibson</u>, 262 F.3d 1135, 1142–43 (10th Cir. 2001). Regardless of whether the motion for judicial review tolled the time for 22 days, the federal petition is not timely. <u>See Bynum v. Howard</u>, 317 F. App'x 788, 789 n.1 (10th Cir. 2009) (declining to resolve question of whether such a motion will toll).

On appeal, Mr. Rodriguez-Rodriguez concedes that his federal habeas claim was filed beyond the limitations period. Aplt. Br. 2. He argues that (1) a plain error review standard should apply to his merits claims (ineffective assistance of plea counsel and voluntariness of the plea given lack of advice of Oklahoma's 85% rule), and (2) that the procedural bar of limitations should not apply given the purpose of habeas relief. Neither point has merit.

Mr. Rodriguez-Rodriguez is faced with a plain procedural bar of several years–reasonable jurists could not conclude that the district court erred in dismissing it or that the claim should advance further. <u>Slack</u>, 529 U.S. at 484; <u>Yang v. Archuleta</u>, 525 F.3d 925, 928 (10th Cir. 2008). Construing his brief

- 3 -

liberally, he argues that at least two factors warrant equitable tolling–(1) he was unaware of Oklahoma's 85% rule prior to being received by the prison, and (2) he was deprived of access to legal research and counsel while in the Tulsa county jail. None of these conditions are sufficiently extraordinary to warrant equitable tolling. As the district court commented, he had notice of the 85% rule being applied to him not later than September 30, 2004 and within the limitations period. A petitioner has no constitutional right to counsel in habeas proceedings, and the other circumstances simply do not warrant equitable tolling given their general nature. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996) (only access to courts is required); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (same).

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge