FILED
United States Court of Appeals
Tenth Circuit

July 11, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENHT CIRCUIT

CLARK ALLEN DAVIS,

        Petitioner - Appellant,

    v.

JAMES RUDEK, Warden,

        Respondent - Appellee.

No. 11-5035
(N.D. Oklahoma)
(D.C. No. 4:10-CV-00404-CVE-FHM)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **BRISCOE,** Chief Judge, **MURPHY,** and **MATHESON**, Circuit Judges.

Clark Allen Davis, an Oklahoma state prisoner proceeding *pro se,* seeks a certificate of appealability ("COA") so he can appeal the district court's dismissal of the habeas corpus petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Davis's request to proceed *in forma pauperis* on appeal is **granted**.

On October 30, 2007, Davis pleaded guilty in Oklahoma state court to trafficking in illegal drugs, unlawful possession of paraphernalia, driving without a driver's license on his person, and making an improper right turn. He was sentenced the same day. Davis did not attempt to withdraw his guilty plea or

otherwise appeal his convictions. On August 28, 2008, however, Davis filed a Motion for Judicial Review, seeking a modification of his sentence. *See* 22 Okla. Stat. tit. 22, § 982a. The state court denied the motion. Davis's state application for post-conviction relief, filed on April 24, 2009, was also denied by the state district court and the denial was affirmed by the Oklahoma Court of Criminal Appeals.

Davis filed this federal habeas corpus action on June 23, 2010. In his § 2254 petition, Davis asserted his guilty plea was not made knowingly and voluntarily. He also raised claims of ineffective assistance of counsel. Respondent moved to dismiss Davis's habeas action as time-barred, arguing it was filed after the expiration of the one-year limitations period established by the AEDPA. *See* 28 U.S.C. § 2244(d) (setting forth a one-year statute of limitations for § 2254 applications). The district court concluded Davis's convictions became final on November 2, 2007, because he did not attempt to withdraw his guilty plea or file a direct appeal. *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001). The district court further concluded the one-year statute of limitations period was not statutorily tolled while Davis sought state post-conviction relief because he did not pursue that avenue of relief until April 24, 2009, more than one year after his convictions became final.[1] *Id*. at 1142-43.

_____

[1]The district court referenced this court's unpublished opinion in *Nicholson v. Higgins*, for its conclusion that an application for judicial review filed pursuant
(continued...)

Although Davis argued he was entitled to equitable tolling because of a medical disability and limited access to a law library, the district court concluded he did not meet the standard for equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (stating equitable tolling of AEDPA's one-year limitations period is available "only in rare and exceptional circumstances" (quotation omitted)). Accordingly, the court granted Respondent's motion and dismissed Davis's habeas petition.

To be entitled to a COA, Davis must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). This court reviews the district court's decision on equitable tolling of the limitations period for abuse of discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

This court has reviewed Davis's appellate brief and application for COA, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Davis is not

---

[1](...continued)
to Okla. Sta. tit. 22, § 982a does not toll the AEDPA's one-year limitations period. 147 F. App'x 7, 8 n.2 (10th Cir. 2005).

entitled to a COA. Further, the record establishes Davis has failed to demonstrate any circumstance that justifies equitable tolling. Thus, the district court did not abuse its discretion when it refused to equitably toll the one-year limitations period.

The district court's resolution of Davis's habeas application is not reasonably subject to debate and his claims are not adequate to deserve further proceedings. Accordingly, Davis has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2). This court **denies** Davis's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge