FILED
United States Court of Appeals
Tenth Circuit

October 26, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ERIC LEE PHILLIPS,

      Petitioner–Appellant,

v.

MIKE ADDISON, Warden,

      Respondent–Appellee.

No. 11-5100
(D.C. No. 4:11-CV-00025-CVE-FHM)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

Eric Lee Phillips, a state prisoner proceeding pro se, applies for a Certificate of

Appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254

petition. We deny a COA and dismiss his appeal.

**I**

After pleading guilty in Oklahoma state court to two counts each of first degree

murder and unauthorized removal of a dead body, Phillips was sentenced to life

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment on March 3, 2009. He did not move to withdraw his plea or otherwise pursue direct appeal of his conviction. On November 16, 2009, a state district court judge held a hearing to review Phillips' sentence but denied his request for modification. On February 22, 2010, Phillips filed for state post-conviction relief, arguing that his plea was not knowing and voluntary. The trial court denied his claim, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed on July 13, 2010.

On August 23, 2010, Phillips' aunt sent an email to Stanley Monroe, an attorney who represented Phillips in the state post-conviction proceedings, inquiring about the next steps in Phillips' case. Monroe replied that they could discuss a potential federal habeas petition in September. On December 15, Phillips' aunt sent another email seeking an update. Monroe replied that he thought that Phillips had a viable federal habeas claim and that the deadline to file a habeas petition would be July 13, 2011—one year from the OCCA's denial of Phillips' application for state post-conviction relief. However, Monroe indicated that he would not have time to prepare a petition for Phillips in the immediate future. He offered to assist Phillips with a pro se petition or to have Phillips wait until his workload lessened, "probably in May."

Phillips filed a pro se § 2254 petition on January 11, 2011. The district court determined that the deadline for filing that petition passed on August 20, 2010, dismissed the petition, and denied COA. In doing so, the court held that Phillips was entitled to statutory tolling for the time spent pursuing state post-conviction relief, but rejected Phillips' argument that he was entitled to equitable tolling because of attorney Monroe's

misadvice.

## II

Subject to limited exceptions, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on habeas petitions. 28 U.S.C. § 2244(d)(1). The one-year period usually starts at "the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Phillips' AEDPA clock began to run on March 14, 2009, ten days after he was sentenced. See Okla. Ct. Crim. App. R. 4.2(a) (defendant who pleads guilty is permitted ten days to seek withdrawal of plea and appeal). Thus without any tolling of the statute of limitations, the period for Phillips to file a federal habeas petition would have expired on March 14, 2010.

However, an inmate is entitled to statutory tolling of the limitations period while a properly filed application for state post-conviction relief is pending. § 2244(d)(2). When Phillips filed his state post-conviction relief petition on February 22, 2010, he had 20 days remaining to file a federal petition. His state filing suspended the limitations period until the OCCA denied his petition on July 13, 2010. Thus, the limitations period for Phillips' federal petition expired 20 days after that date, on August 2, 2010.[1]

---

[1] In several unpublished cases, we have held that a request for judicial review of a sentence under Okla. Stat. tit. 22, § 982a—a discretionary, non-appealable form of relief—does not toll the AEDPA limitations period. See, e.g., Bohon v. Oklahoma, 313 F. App'x 82, 84 n.1 (10th Cir. 2008) (unpublished); Nicholson v. Higgins, 147 F. App'x 7, 8 n.2 (10th Cir. 2005) (unpublished). Phillips does not argue he should be entitled to

Continued . . .

Phillips argues that he is also entitled to equitable tolling of the limitations period because of attorney Monroe's erroneous advice that a federal habeas petition would not be due until July 13, 2011. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Because habeas petitioners have no constitutional right to counsel, "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling" without more. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007). When attorney error rises to the level of egregious misconduct, however, we have allowed for equitable tolling. See Fleming v. Evans, 481 F.3d 1249, 1255-57 (10th Cir. 2007). In Fleming, for example, we concluded that equitable tolling could be warranted because a prisoner's attorney failed to file a petition despite repeatedly assuring his client that he was doing so. Id.

Unacceptable though attorney Monroe's mistake may be, it is a negligent miscalculation of the sort that our precedents deem unworthy of equitable tolling. Unlike the unscrupulous attorney in Fleming who intentionally deceived his client into believing he was filing a petition, Monroe simply provided incorrect advice. Further, it is not clear that Monroe's error caused Phillips' petition to be untimely: The only evidence Phillips has provided of Monroe's misadvice are emails from August 24 and December 15, 2010—after the AEDPA deadline had already expired. Thus, Phillips has not shown that

tolling based on his § 982a motion, nor would the single day in which that motion was pending affect our conclusion as to timeliness.

- 4 -

Monroe's negligence impeded a timely filing. Accordingly, the district court correctly concluded that Phillips is not entitled to equitable tolling.

## III

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge